UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JULIE HOWARD, ON HER OWN
BEHALF AND ON BEHALF  OF
THOSE SIMILARLY SITUATED,

         Plaintiffs,

                                  CASE NO.:  6:08-CV-400-PCF-KRS

vs.

ORANGE LAKE COUNTRY CLUB,
INC.,

         Defendant.         /

## ORDER

### I.INTRODUCTION

This cause comes before the Court for consideration of Plaintiff's Unopposed Motion for an Order Permitting Court Supervised Notice of this Action to Potential Opt-In Plaintiffs and Incorporated Memorandum of Law ("Motion"), (Doc. 43), filed December 5, 2008. Upon consideration of the Motion, the Court determines that Plaintiff's Motion should be **GRANTED.**

### II.BACKGROUND

Plaintiff brings this action for unpaid overtime compensation pursuant to 29 § U.S.C. 216(b) of the Fair Labor Standards Act ("FLSA"). Plaintiff and those alleged to be similarly situated ("Plaintiffs") are current and former employees of Defendant who worked as off-property consultants ("OPCs").  Doc. 43 at p.2.  Plaintiffs allegedly received a flat fee per each tour sold. *Id*. Plaintiffs contend that they regularly worked hours in excess of forty per week but were not paid for all overtime hours worked. *Id*. The instant Motion seeks conditional certification of a collective action consisting of current and former OPCs of Defendant who allegedly were not paid full and proper overtime compensation between September 12, 2005 and

the present.  Plaintiffs also request Court-supervised notice of the collective action, informing all

potential class members of their opt-in rights with regard to this litigation.

While Defendant denies any and all liability, and while Defendant expressly reserves its

right to move to decertify any conditionally certified class or to otherwise move to dismiss the

instant action in whole or in part with prejudice, Defendant does not oppose the relief sought in

the Motion, namely conditional class certification and Court-supervised notice to potential opt-

ins.

### III.<u>ANALYSIS</u>

The district courts have the power in cases arising under the FLSA to "conditionally

certify" a collective action. *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th

Cir. 1991). In exercising this power, the district court must "satisfy itself that there are other

employees . . . who desire to 'opt-in' and who are 'similarly situated' with respect to their job

requirements and with regard to their pay provisions." *Id.* at 1567-68. The Eleventh Circuit

advocates a two-tiered approach for determining whether conditional certification of a collective

action pursuant to §216(b) is appropriate. During the first stage, the so-called "notice stage," the

district court "makes a decision -- usually based on the pleadings and any affidavits which have

been submitted -- whether notice of the action should be given to potential class members." *Hipp*

*v. Liberty Nat'l Life Ins. Co.,* 252 F3d. 1208. 1218 (11th Cir. 2001).  "The decision to create an

opt-in class under § 216(b) . . . remains within the discretion of the district court." *Id.* at 1219.

The second stage, which is usually prompted by the defendant's motion for decertification,

requires the court to make a more detailed factual determination as to whether members of the

class are indeed similarly situated. *Id.* at 1218.

This Court has presently been called upon to make a "notice stage" decision in the instant case. Eleven individuals have submitted affidavits in support of the Motion. Each of the eleven affidavits indicates that each affiant worked for Defendant as an OPC. Howard Aff. ¶ 4. Dilullo Aff. ¶ 4; Rivera Aff. ¶ 4; Walters Aff. ¶ 4; Xavier Aff. ¶ 4; Baez Aff. ¶ 4;  Aff. ¶ 4; Lyam Aff. ¶ 4; Lugo Aff. ¶ 4; Rabova Aff. ¶ 4;  Lahmidi Aff. ¶ 4; Hall Aff. ¶ 4.  Additionally, each affiant claims to have been paid a flat rate for each property tour that the affiant booked. Howard Aff. ¶ 9; Dilullo Aff. ¶ 9; Rivera Aff. ¶ 9; Walters Aff. ¶ 9; Xavier Aff. ¶ 9; Baez Aff. ¶ 9;  Aff. ¶ 9; Lyam Aff. ¶ 9; Lugo Aff. ¶ 9; Rabova Aff. ¶ 9;  Lahmidi Aff. ¶ 9; Hall Aff. ¶ 9. Finally, each affiant asserts that he or she was denied overtime pay, personally observed other similarly situated employees who were also denied overtime pay, and believes that those other employees would join the litigation if given notice of it. Howard Aff. ¶¶ 10, 11; Dilullo Aff. ¶¶ 8, 11, 12; Rivera Aff. ¶¶ 8, 11, 12; Walters Aff. ¶¶ 8, 11, 12; Xavier Aff. ¶¶ 8, 11, 12; Baez Aff. ¶¶ 8, 11, 12; Lyam Aff. ¶¶ 8, 11, 12; Lugo Aff. ¶¶ 8, 11, 12; Rabova Aff. ¶¶ 8, 11, 12;  Lahmidi Aff. ¶¶ 8, 11, 12; Hall Aff. ¶¶ 8, 11, 12.

The potential size of the class ranges from 100 to 225 employees. Howard Aff. ¶ 9 (approximately 100); Dilullo Aff. ¶ 9 (approximately 225); Rivera Aff. ¶ 9 (approximately 205); Walters Aff. ¶ 9 (approximately 225); Xavier Aff. ¶ 9 (approximately 225); Baez Aff. ¶ 9 (approximately 100); Lyam Aff. ¶ 9 (approximately 100); Lugo Aff. ¶ 9 (approximately 100); Rabova Aff. ¶ 9 (approximately 200);  Lahmidi Aff. ¶ 9 (approximately 110); Hall Aff. ¶ 9 (approximately 140). Twenty-three employees have opted in to the litigation since its initial filing in March of 2008.

After consideration of the Motion and attached Affidavits, and in light of Defendant's consent to *conditional* certification and Court-supervised notice, the Court is satisfied that the

3

potential class members in this litigation are sufficiently similarly situated to warrant conditional certification.    For purposes of conditional class certification, all affiants appear to have performed the same job duties for Defendant in their OPC positions and were treated similarly by Defendant with regard to the flat rate pay provisions.    Further, Plaintiffs have adequately shown that there are other current and former employees of Defendant who wish to opt in to this litigation, and that the potential class is sufficiently large so as to warrant the aid of Court-supervised notice.

### IV.CONCLUSION

Based on the foregoing, it is **ORDERED** as follows:

1.      Plaintiff's Unopposed Motion for an Order Permitting Court Supervised Notice of this Action to Potential Opt-In Plaintiffs is **GRANTED**, and the Court conditionally certifies a class of current and former OPCs who were employed by Defendant at any time between September 12, 2005 and the present and who were not paid overtime compensation for hours worked in excess of 40 in any workweek.    Defendant may move to decertify this conditionally certified class, or otherwise move to dismiss this action in whole or in part, as discovery proceeds.

2.      Within thirty (30) days of entry of this Order, Defendant shall provide to Plaintiff's counsel a list with the names and last known addresses of OPCs employed by Defendant between September 12, 2005 and the date of this Order.

3.      The Notice shall be in the form of Exhibit A to Docket entry 46.  The Notice shall be mailed via first class mail by Plaintiff's counsel, and at Plaintiff's expense, to each potential member of the conditionally-certified class.  Those potential class members wishing to opt-into this litigation must file their executed Notice of Consent with this Court within sixty (60) days of

5

receipt by Plaintiff's counsel of the list provided by Defendant pursuant to paragraph 2 above.

The Notice of Consent shall be in the form of Exhibit B to Docket entry number 46.

      **DONE** and **ORDERED** in Chambers, in Orlando, Florida on December 17, 2008.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record